# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:17-cr-00086-HDM-NJK |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ANTHONY DELANO HYLTON, JR., | ) | |
| Defendant. | ) | |

Defendant filed a motion to dismiss arguing that counts two and five of the superseding indictment should be dismissed because federal armed bank robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c), and also that the § 924(c) residual clause is void for vagueness under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)(ECF No. 89). The government responded arguing that defendant's motion should be denied because federal armed bank robbery does qualify as a crime of violence (ECF No. 90).

On February 1, 2018, the Ninth Circuit Court of Appeals issued its decision in *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) wherein the court held that federal armed bank robbery is a crime of violence under § 924(c). Defendant acknowledges that the

1

Ninth Circuit rejected his argument in *Watson*, but notes that he makes the arguments to preserve them for *en banc* or Supreme Court review. (ECF No. 89 at n. 2).

Given the binding nature of the Ninth Circuit's ruling, defendant's motion (ECF No. 89) is **DENIED**. Because the court finds that federal armed bank robbery is a crime of violence under § 924(c), the court need not address defendant's argument related to the potential effect of *Dimaya* on the residual clause of § 924(c).

IT IS SO ORDERED.

DATED: This 23rd day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE