# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ANTHONY DELANO HYLTON, JR.,<br><br>　　　　　Defendant. | Case No. 2:17-cr-00086-HDM-NJK<br><br>ORDER<br><br>(Docket Nos. 150, 151) |

## I. **BACKGROUND**

On September 24, 2018, Defendant Anthony Delano Hylton, Jr. filed a motion to suppress evidence, specifically, four search warrants that were issued in January 2017. Docket No. 150. Defendant submits that good cause exists to file this motion now because current counsel was appointed on March 6, 2018, at which time the pretrial motions deadline had already expired. *Id.* at 7. Defendant further submits that the "decision to challenge the search warrants in question is a strategy that was discussed" with current counsel. *Id.* Finally, Defendant asks the Court to allow him to "challenge every aspect of the case that does not meet constitutional standards" as he "is facing a mandatory minimum sentence of 35 years if convicted" in the instant case. *Id.*

The United States filed a motion to strike Defendant's motion to suppress. Docket No. 151. The United States submits that, on April 24, 2018, counsel for Defendant asked the Court to

find that good cause existed to file a motion to dismiss after the expiration of the pretrial motions deadline had expired. *Id*. at 2. As that motion was premised on a case decided by the United States Supreme Court after the deadline expired in the instant case, the United States did not object to this request, and the motion was fully briefed. *Id*. The United States further submits that, on May 23, 2018, the Court granted Defendant's request to continue the June trial date in the instant case, and denied Defendant's motion to dismiss on its merits. *Id*. at 2-3. The United States submits that Defendant filed numerous motions to reconsider the denial of a motion to suppress evidence relating to his car stop in this case, and that the Court eventually ordered an evidentiary hearing on that request. *Id*. at 3-5. The United States submits that, on August 27, 2018, the Court issued an order allowing Defendant to file pretrial motions upon leave from the Court and good cause shown, until September 19, 2018. *Id*. at 4.[1] The United States further submits that leave of Court has not been granted for the motion to suppress that was filed on September 24, 2018, and that Defendant has failed to demonstrate good cause for its belated filing. *Id*. at 5. Specifically, the United States contends that, "given the fulsome and substantial litigation that the Defendant has undertaken on other issues up to this point – including on suppressing other evidence in the case – there is no plausible reason that would justify failing to file this motion [to suppress] along with the other motions filed earlier in the case." *Id*. at 7. Finally, in the event the Court denies the United States' motion to strike, it asks for a period of fourteen days to respond to the motion on its merits. *Id*. at 1.

Defendant has not responded to the United States' motion to strike. *See* Docket.[2]

---

[1] This deadline was later extended to September 24, 2018. Docket No. 145.

[2] Defendant's failure to respond to the United States' motion to strike "constitutes a consent to granting the motion." LCR 47-3. Nonetheless, the Court considers the motion on its merits.

## II. ANALYSIS

A motion to suppress evidence must be made prior to trial. Fed.R.Crim.P. 12(b)(3)(C). A district court may set a deadline by which parties must make pretrial motions, and may extend or reset that deadline. Fed.R.Crim.P. 12(c)(1), 12(c)(2). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed.R.Crim.P. 12(c)(3). "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (citing *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984)). A belated decision to change trial tactics does not constitute good cause to excuse the waiver. *Gonzales*, 749 F.2d at 1336

Here, the indictment was issued on March 21, 2017. Docket No. 8. The Court initially set the pretrial motions deadline for April 27, 2017. Docket No. 14. On June 16, 2017, the Court extended the pretrial motion deadline to September 5, 2017. Docket No. 24 at 6. On October 3, 2017, a superseding indictment was issued. Docket No. 30. On October 19, 2017, Defendant filed a motion to suppress the evidence obtained from the search of his vehicle during the traffic stop. Docket No. 36.[3] On May 17, 2018, Defendant filed a motion to dismiss two counts of the

---

[3] This motion to suppress has been continually litigated since its filing. After it was fully briefed, the undersigned issued a Report and Recommendation, recommending its denial. Docket No. 45. Objections to the Report and Recommendation were fully briefed, and the Court denied the motion to suppress. Docket Nos. 50, 51, 52. Defendant then asked the Court to reconsider and/or clarify its order denying the motion to suppress numerous times. Docket Nos. 54, 99, 107, 124.

On September 10, 2018, Judge McKibben granted the motion at Docket No. 124 for the limited purpose of an evidentiary hearing on a limited issue. Docket No. 136. The Court conducted this hearing on September 20, 2018. Docket No. 146. On October 11, 2018, the Court ordered the parties to file supplemental briefing, which they did. Docket Nos. 156, 159, 160. On November 1, 2018, the undersigned issued a Report and Recommendation, recommending that all of Defendant's statements made post-prolongation of the stop be suppressed. Docket No. 166.

3

indictment. Docket No. 89. On August 23, 2018, Defendant filed a motion to strike the United States' expert. Docket No. 115.

On August 22, 2018, the Court allowed Defendant to file a request to reopen the pretrial motion deadline, no later than September 12, 2018. Docket No. 116. On August 24, 2018, Defendant asked the Court to extend that deadline to September 19, 2018. Docket No. 120. On August 27, 2018, the Court granted Defendant's motion, and allowed him until September 19, 2018 to file any request to reopen the motion deadline. Docket No. 121. On September 19, 2018, Defendant asked to extend this deadline to September 24, 2018, with the understanding that the consideration of any pretrial motions is subject to a finding of good cause. Docket No. 144. On September 20, 2018, the Court granted Defendant's request. Docket No. 145.

On September 24, 2018, Defendant filed the instant pretrial motion to suppress, which asks the Court to suppress evidence recovered as a result of search warrants executed on February 1, 2017. Docket No. 150. This motion is, therefore, based on events that occurred more than one and one-half years prior to the filing of the motion. Defendant's statement of good cause for the late filing of this motion to suppress mentions nothing about late discovery, so the Court cannot find that the discovery on which the motion is based was provided so late that Defendant could not file the motion in a timely manner. Instead, Defendant submits solely that current counsel was appointed on March 6, 2018, at which time the pretrial motions deadline had already expired, and that the "decision to challenge the search warrants in question is a strategy that was discussed" with current counsel. Docket No. 150 at 7.

The Court finds that this statement does not establish good cause for the late filing. Defendant has aggressively litigated a motion to suppress throughout the pendency of this case, and never once mentioned or included these search warrants, though he clearly had enough

4

information to file the motion to suppress the evidence obtained as a result of those search warrants. Further, Defendant submits no authority that a change in counsel constitutes good cause for the late filing of a pretrial motion; even if he did, however, current counsel has represented him since March 8, 2018, and he presents no reason why current counsel did not file this motion within the past seven months. The Court finds that Defendant's statement does not constitute good cause for filing the late motion to suppress. *See United States v. Seideman*, 2010 WL 2803465 (E.D. Wash. July 13, 2010) (Defendant had ample opportunity to file pretrial motions during case, nonetheless allowed motions deadline to expire before asking for an extension to file pretrial motions).

Accordingly, the Court **GRANTS** the United States' motion to strike. Docket No. 151. Defendant's motion to suppress, Docket No. 150, is hereby **STRICKEN** as untimely filed.

IT IS SO ORDERED.

DATED: November 2, 2018.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE