# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00086-HDM-NJK |
| Plaintiff, | |
| vs. | ORDER |
| ANTHONY DELANO HYLTON, JR., | (Docket No. 115) |
| Defendant. | |

Pending before the Court is Defendant Anthony Delano Hylton Jr.'s motion to strike notice of expert or alternative request for a *Daubert* hearing. Docket No. 115. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 115, 129, 143. Defendant asks the Court to strike the United States' notice of expert testimony for forensic examiner Roy Wilcox or, in the alternative, to conduct a *Daubert* hearing on the method that Wilcox used to identify the firearm at issue in this case. Docket No. 115.

## I.  **RELEVANT BACKGROUND**

On March 8, 2017, a complaint was filed that charged Defendant with two counts of armed bank robbery, in violation of Title 18, United States Code, Section 211(a) and (d), and two counts of use of a firearm in a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1). Docket No. 1. On March 21, 2017, a federal grand jury sitting in Las Vegas, Nevada

issued an indictment charging Defendant with the same counts. Docket No. 8. On October 3, 2017, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment that, in addition to the counts charged previously, also charged Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 30.

On September 7, 2017, the United States filed a notice of expert testimony for Las Vegas Metropolitan Police Department ("LVMPD") Forensic Scientist ("FS") Jerry LeRoy Wilcox. Docket No. 26. The notice stated that FS Wilcox will testify that the submitted cartridge was fired from the submitted firearm, as well as the methodologies he employed in making such determination, chain of custody, and any other matters within his are of expertise "that would be helpful to the jury's comprehension of the relevant issues and facts in this case." *Id*. at 2. The United States attached FS Wilcox's expert report, statement of qualifications, and Curriculum Vitae to the expert notice. Docket Nos. 26-1, 26-2, 26-3.

Defendant asks the Court to strike FS Wilcox's proposed expert testimony because the United States has not tried to show that it is reliable. Docket No. 115 at 6-7. In the alternative, Defendant asks the Court to conduct a *Daubert* hearing. *Id*. at 7. Defendant concedes that he is unaware of any federal court that has excluded expert testimony on firearm toolmark identification, but nonetheless submits that firearm toolmark identification is subjective and therefore unscientific. *Id*. at 9-15.

The United States responds that courts "have consistently found firearm toolmark analysis to be sufficiently reliable and therefore admissible." Docket No. 129 at 5. The United States notes that some courts have required experts to testify that casings can be matched only to a reasonable degree of ballistics certainty, and that FS Wilcox's testimony will comply with this directive. *Id*.

at 6-7. Additionally, the United States submits that FS Wilcox has been a member of the Association of Firearm and Toolmark Examiners ("AFTE") since 2012, and that he obtained the AFTE Certification in Firearm Examinations "on or about April 24, 2017." *Id*, at 2-3. The United States submits that FS Wilcox used the methods and best-practices promulgated by AFTE in examining the evidence in the instant case. *Id*. at 3. Finally, the United States submits that Defendant has failed to demonstrate that a material dispute regarding the admissibility of the expert testimony exists and, therefore, a *Daubert* hearing is not necessary. *Id*. at 9-10.

In reply, Defendant submits that the United States has failed to provide the bases and reasons for FS Wilcox's analysis. Docket No. 143 at 2. Therefore, Defendant submits, he cannot properly prepare for cross-examination. *Id*. at 2-3.

## II. ANALYSIS

District courts are the 'gatekeepers' of expert testimony, tasked with excluding testimony that does not meet the standard articulated in Federal Rule of Evidence 702. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In the Ninth Circuit, expert testimony must be "both relevant and reliable." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). To be relevant, testimony must "logically advance a material aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). To be

3

reliable, the testimony must have "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citation and alterations omitted). The Court is concerned "not [with] the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

"The reliability inquiry is a flexible one." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). The factors for determining the reliability of expert testimony, commonly referred to as the *Daubert* factors, include: "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–94 (1993)). "However, whether these specific factors are reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Estate of Barabin*, 740 F.3d at 463.

District courts have significant discretion to determine the appropriate form of the reliability inquiry. *See United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000). Trial courts can conduct *Daubert* hearings, but are not required to do so. *Estate of Barabin*, 740 F.3d at 463–64. A *Daubert* hearing is clearly not required where the reliability of the area of expertise is well-established and a defendant fails "to show cause for questioning the evidentiary reliability" of the expert's methodology. *United States v. Calderon–Segura*, 512 F.3d 1104, 1110 (9th Cir. 2008).

The AFTE methodology is generally accepted by federal courts, and has repeatedly been found admissible under *Daubert* and Rule 702. *See United States v. Johnson*, 875 F.3d 1265 (9th Cir. 2017). *See also United States v. Johnson*, 2015 WL 5012949 (N.D.Cal. 2015); *United States*

4

*v. Diaz*, 2007 WL 485967 (N.D.Cal. Feb. 12, 2007); *United States v. Arnett*, 2006 WL 2053880 (E.D.Cal. 2006). Defendant fails to identify a single case in which AFTE ballistics testimony was excluded under *Daubert*. *See Johnson*, 875 F.3d at 1282.

The Court finds that Defendant has not shown that striking the United States' expert notice as unreliable is proper. Further, the Court finds that a *Daubert* hearing is neither required nor necessary in the instant matter. Further, to the extent Defendant wishes to criticize the AFTE methodology, or ballistics evidence generally, he may do so through the presentation of his own expert and cross-examination of FS Wilcox.[1]

Accordingly, the Court **DENIES** Defendant's motion to strike notice of expert or alternative request for a *Daubert* hearing. Docket No. 115.

IT IS SO ORDERED.

DATED: November 5, 2018.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not persuaded that Defendant cannot properly prepare for cross-examination of FS Wilcox.

5