## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ANTHONY DELANO HYLTON, JR.,<br><br>                    Defendant. | Case No. 2:17-cr-00086-HDM-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 294) |

Pending before the Court is Defendant's motion to suppress evidence. Docket No. 294. The Court has considered Defendant's motion and supplement, the United States' response, and Defendant's reply. Docket Nos. 294, 297, 301, 307.

**I.    PROCEDURAL HISTORY**

On March 8, 2017, a complaint was filed charging Defendant with two counts of armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d) and two counts of use of a firearm in a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1). Docket No. 1.

On March 21, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with two counts of armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d) and two counts of use of a firearm in a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1). Docket No. 8.

On October 3, 2017, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant with two counts of armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d); two counts of use and carry of a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii); and one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  Docket No. 30.

On October 19, 2017, Defendant filed a motion to suppress evidence.  Docket Nos. 36, 38. On November 15, 2017, after considering Defendant's motion, the United States' response, and Defendant's reply, the undersigned recommended denial of Defendant's motion to suppress evidence.  *See* Docket No. 45.

On December 4, 2017, Defendant objected to the Report and Recommendation.  Docket No. 50.  On December 6, 2017, the United States responded to Defendant's objection.  Docket No. 51.  On December 20, 2017, United States District Judge Howard D. McKibben adopted the Report and Recommendation and denied Defendant's motion to suppress.  Docket No. 52.  Defendant then filed a motion to reconsider Judge McKibben's order, to which the United States responded, and Defendant replied.  Docket Nos. 54, 59, 65.  On January 29, 2018, Judge McKibben denied Defendant's motion to reconsider.

On June 4, 2018, Defendant filed a second motion to reconsider the order adopting the Report and Recommendation and requested an evidentiary hearing.  Docket No. 99.  The United States responded and Defendant replied.  Docket Nos. 103, 104.  On June 29, 2018, Judge McKibben denied Defendant's motion.  Docket No. 105.  On the same day, after the Court's order, Defendant filed a supplement to his reply.  Docket No. 106.  In his supplement, Defendant

submitted the Computer Aided Dispatch (CAD) report relating to the stop of his vehicle which, he submitted, he did not have in his possession until May 8, 2018. *Id*. at 2 n. 1.

On September 5, 2018, Defendant filed his third motion to reconsider the order denying his motion to suppress. Docket No. 124. The motion requested reconsideration and an evidentiary hearing to resolve issues presented by the CAD. *Id*. On September 10, 2018, Judge McKibben vacated his prior orders denying Defendant's request to reconsider his order denying the motion to suppress. Docket No. 136. Judge McKibben granted Defendant's motion at Docket No. 124 for the limited purpose of conducting an evidentiary hearing before the undersigned, "solely on the issue of the time frame of the detention of the Defendant after he was discovered in the Las Vegas intersection." *Id*. Specifically, Judge McKibben ordered that the hearing would be limited to the duration of the detention and, based upon the facts generated as a result of the CAD, whether that period of time was reasonable. *Id*.

On September 20, 2018, the parties appeared before the undersigned for the evidentiary hearing. Docket No. 146. On October 11, 2018, the undersigned ordered the parties to file supplemental briefing regarding the evidentiary hearing. Docket No. 156. Both parties complied. Docket Nos. 159, 160.[1] On November 1, 2018, the undersigned again found that the firearm was properly seized from Defendant's vehicle. Docket No. 166 at 21. The undersigned found, however, that the stop of Defendant was unnecessarily prolonged and recommended the suppression of any statements made by Defendant after the prolongation. *Id*. Defendant objected to the report and recommendation. Docket Nos. 175,  After reviewing the briefing and hearing argument, United States District Judge Howard D. McKibben found that the stop "lasted no longer

---

[1]    Notably, in his briefing, Defendant submitted that the firearm was initially legally discovered. Docket No. 160 at 2-3.

3

than necessary to complete its mission, the 31 minutes, to determine whether Hylton was impaired; and, all of the other necessary requirements for operating a motor vehicle, to determine his identity and lawful basis for operating the car." Docket No. 230 at 20. Judge McKibben declined to adopt the Report and Recommendation regarding prolongation of the stop, finding that the full time period of the stop was reasonable as Defendant did not have his license or registration, had failed to give proper identification to the officers, had been found asleep in the middle of the street in the driver's seat of a vehicle that was turned on, and had failed two of the three sobriety tests given him. *Id*. at 21-25. Judge McKibben, therefore, specifically found that the stop was reasonable under the circumstances and denied Defendant's motion to suppress evidence. *Id*. at 20.[2]

Defendant has now filed another motion to suppress evidence. Docket No. 294. Defendant asks the Court to suppress the firearm based on what he deems new body camera evidence that was not previously entered into the record. *Id*. at 1, n. 1. Defendant submits that Officer Hinkel's manipulation of the firearm's components, as seen on the body camera video, constitutes "meaningful interference" with his possessory interests in the firearm. *Id*. at 7-8. Defendant further submits that Officer Hinkel improperly removed the firearm from his vehicle without a warrant and that running the serial number of the firearm constitutes a separate unlawful search of the firearm. *Id*. at 5-7, 12-13.[3]

In response, the United States submits that the body camera video to which Defendant refers is not new evidence. Docket No. 301 at 1-2. The United States submits that all body camera

---

[2]   Judge McKibben reserved his ruling regarding Defendant's statements to officers on the scene and instructed the United States not to refer to those statements. Docket No. 230 at 26. He specifically stated, however, that his ruling did not apply to statements Defendant made about purchasing the firearm in a recorded post-*Miranda* interview with a different officer. *Id*. at 26.

[3]   The Court finds that the supplement at Docket No. 297 restates arguments previously made by Defendant.

videos were provided to the defense in this case prior to the filing of the original motion to suppress evidence. *Id*. at 2, n. 1. As a result, the United States submits, Defendant's motion is untimely and an improper attempt to reopen his evidentiary hearing. *Id*. at 2.

In reply, Defendant submits that the United States cited no authorities to support its position and, therefore, consented to the granting of his motion. Docket No. 307 at 2. Defendant further submits that his motion was appropriately filed. *Id*. at 2-3. Defendant submits that his right to a fair trial requires that the lawfulness of the seizure of the firearm be considered by the Court. *Id*. at 3-6. Defendant further submits that the Court's previous finding was manifestly unjust and clearly erroneous as it was not supported by discovery. *Id*. at 6-10.

## II.  <u>ANALYSIS</u>

Local Criminal Rule 47-3 states, in relevant part, that the "failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." Defendant correctly notes that the United States failed to include points and authorities in its response to its motion. Local Rule IA 1-4, however, states that the Court may "sua sponte or on motion change, dispense with, or waive any of [the Court's Local Rules] if the interests of justice so require." In this case, Defendant filed one prior motion to suppress evidence and three prior motions to reconsider the Court's decision denying his motion to suppress. Each of those motions was fully briefed by both Defendant and the United States and addressed the same issues addressed in the instant motion. Therefore, the Court finds that the interests of justice require it not to consider the United States' filing as consent to the granting of Defendant's motion, pursuant to LR IA 1-4.

Defendant's motion to suppress is, in reality, a fourth motion to reconsider the Court's prior orders on his prior motions to suppress. Accordingly, the Court analyzes it as such.

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

The Court agrees with the United States that the body camera videos do not constitute newly discovered evidence. These videos were provided to Defendant prior to the filing of his first motion to suppress. Additionally, the videos were provided to the Court and are specifically

cited by the Court in at least one prior order.  The fact that Defendant now wants to highlight a portion of the previously-provided videos that has not specifically been brought to the attention of the Court in a prior motion does not make that portion of the video newly discovered evidence. Therefore, Defendant's motion fails the first prong of the test.

Defendant submits that the Court committed clear error and that the Court's initial decision was manifestly unjust.  This argument, however, was first raised in reply.  *See United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999) ("We decline to consider this argument because [the party] waived it by failing to raise it in his opening brief.").  Further, the Court's prior decision follows controlling caselaw.  Therefore, the Court finds Defendant's argument unpersuasive and he fails the second prong of the test.

Finally, Defendant has not identified any intervening change in controlling law.  The Court can find none in its own research.  Therefore, Defendant fails the third prong of the test and reconsideration of the Court's prior order is inappropriate.

## III.    CONCLUSION

Accordingly, for the reasons stated above, the Court **RECOMMENDS** that Defendant's motion to suppress evidence be **DENIED**.  Docket No. 294.

IT IS SO ORDERED.

DATED: April 20, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).