1                           UNITED STATES DISTRICT COURT

2                                DISTRICT OF NEVADA

3

4    UNITED STATES OF AMERICA,              Case No. 2:17-cr-00086-HDM-NJK

                              Plaintiff,

5        v.                                 ORDER

6    ANTHONY DELANO HYLTON, JR.,

7                              Defendant.

8

9         The defendant has filed a motion for reconsideration of the

10   court's order denying his motion for judgment of acquittal. (ECF

11   No. 339). The government has opposed (ECF No. 349), and the

     defendant has replied (ECF No. 358).

12

13        Preliminarily, the court agrees with the government that

14   although the defendant has styled his motion as a motion for

15   reconsideration, it is in reality a renewed motion for judgment of

     acquittal pursuant to Federal Rule of Criminal Procedure 29(c).

16

17        Under Rule 29(c)(1), a renewed motion for judgment of

18   acquittal must be filed within fourteen days after the jury returns

19   its verdict or the court discharges the jury, whichever is later.

20   The instant motion, filed well over a year after the jury returned

     its verdict and was discharged, is therefore untimely.

21

22        The defendant argues that the court should grant him an

23   extension of time under Federal Rule of Criminal Procedure 45(b)(1)

24   due to excusable neglect. Specifically, the defendant asserts that

25   prior counsel refused to file a renewed motion on his behalf and

26   so he could do so only once he was permitted to represent himself.

27        Even assuming that counsel's refusal to file the renewed

28   motion could sustain a finding of excusable neglect in this case,

                                       1

1 | the defendant waited four months after being granted leave to
2 | represent himself to file the instant motion.  The court sees no
3 | excusable neglect under these circumstances, and the motion
4 | therefore is untimely.

5 |     Nevertheless, and in the alternative, the motion would also
6 | be subject to denial on its merits. On the defendant's motion, the
7 | court "must enter a judgment of acquittal of any offense for which
8 | the evidence is insufficient to sustain a conviction." Fed. R.
9 | Crim. P. 29(a). "In determining whether evidence was insufficient
10 | to sustain a conviction, [the court considers] whether, 'after
11 | viewing the evidence in the light most favorable to the
12 | prosecution, *any* rational trier of fact could have found the
13 | essential elements of the crime beyond a reasonable doubt.'" *United*
14 | *States v. Gagarin*, 950 F.3d 596, 602 (9th Cir. 2020) (citing *United*
15 | *States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc)
16 | (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, (1979)) (emphasis
17 | original). As the court previously held, and again reaffirms, the
18 | evidence presented in this case, viewed in the light most favorable
19 | to the prosecution, was sufficient for the jury to find the
20 | defendant guilty on all counts.  The motion is therefore without
21 | merit and would be denied on that basis, as well.

22 |     Accordingly, the defendant's renewed motion for judgment of
23 | acquittal (ECF No. 339) is hereby DENIED.

24 |     IT IS SO ORDERED.

25 |     DATED: This 3rd day of August, 2020.

26 |

27 |     *Howard D McKibben*

28 |     UNITED STATES DISTRICT JUDGE

2