1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8   UNITED STATES OF AMERICA,          Case No. 2:17-cr-00086-HDM-NJK

9                      Plaintiff,
           v.                         ORDER
10
    ANTHONY DELANO HYLTON, JR.,
11
                       Defendant.
12

13        The court has considered the report and recommendation of the

14   United States Magistrate Judge (ECF No. 313) filed on April 20,

15   2020, in which the magistrate judge recommends that this court

16   enter an order denying the defendant's renewed motion to suppress

17   (ECF No. 294). The defendant has filed objections (ECF No. 335),

18   and the government has responded (ECF No. 341).

19        The court has considered the pleadings and memoranda of the

20   parties and other relevant matters of record and has made a review

21   and determination in accordance with the requirements of 28 U.S.C.

22   § 636 and applicable case law, and good cause appearing, the court

23   hereby

24        ADOPTS AND ACCEPTS the report and recommendation of the

25   United States Magistrate Judge (ECF No. 313).

26        The parties have previously litigated, and the court has ruled

27   on, a motion to suppress, as well as several motions to reconsider.

28   The magistrate judge concludes that the defendant's instant motion

                                    1

1    is yet another motion to reconsider and recommends denying the

2    motion because no basis for reconsideration has been established.

3    The defendant submits several objections to the magistrate judge's

4    conclusions and findings.

5        First, the defendant asserts that the magistrate judge

6    wrongly refused to consider the government's failure to file points

7    and authorities in opposition to the motion to suppress as consent

8    to granting the motion. Local Criminal Rule 47-3 provides, in

9    relevant part, that "[t]he failure of an opposing party to include

10   points and authorities in response to any motion constitutes a

11   consent to granting the motion." The magistrate judge concluded

12   that the government failed to include points and authorities in

13   its opposition to the motion to suppress but held that the

14   interests of justice supported the court's *sua sponte* discretion

15   to not enforce LCR 47-3 in this case. L.R. IA 1-4.

16       The magistrate judge correctly concluded that enforcement of

17   LCR 47-3 under the circumstances of this case would not be in the

18   interests of justice. The defendant has pursued not only a motion

19   to suppress but also multiple motions to reconsider. His instant

20   motion was explicitly predicated on "new body camera evidence that

21   was not previously entered in the record." (ECF No. 294 at 1 n.1).

22   The government's decision to oppose on the sole ground that the

23   evidence relied on is not new did not prejudice the defendant and,

24   under the circumstances of this case, suppressing evidence on the

25   sole ground that the government did not file sufficient points and

26   authorities would not be in the interests of justice.

27       Second, the defendant asserts the magistrate judge improperly

28   concluded that his motion to suppress should be treated as a motion

1 | to reconsider and, as a result, the magistrate judge applied the
2 | wrong standard to evaluate his motion. The court disagrees. The
3 | court has already entertained a motion to suppress, and several
4 | motions to reconsider, in this case, and has ruled that the firearm
5 | was appropriately removed from the vehicle for officer safety.
6 | Although the defendant now raises new and additional arguments in
7 | support of suppression, they are arguments that could have and
8 | should have been raised in connection with his original motion to
9 | suppress. The instant motion was thus appropriately treated as a
10 | motion to reconsider, and any new arguments raised that could have
11 | been previously raised do not justify reconsideration. *See Kona*
12 | *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.
13 | 2000).
14 |      At any rate, even if the motion were not treated as a motion
15 | to reconsider, it would still be denied as without merit. The court
16 | reaffirms its conclusion that the firearm was properly removed
17 | from the vehicle for officer safety. *See United States v. Hensley*,
18 | 469 U.S. 221, 235 (1985) (holding that officers are "authorized to
19 | take such steps as [are] reasonably necessary to protect their
20 | personal safety and to maintain the status quo during the course
21 | of the stop"); *see also United States v. Willis*, 431 F.3d 709, 717
22 | (9th Cir. 2005) ("Once [the defendant] informed the officers that
23 | he was carrying a firearm, the officers were entitled to seize the
24 | firearm in order to avoid any possibility that [the defendant]
25 | would use it against them."). Further, even if Officer Hinkel's
26 | manipulation of the firearm and running of the serial number was
27 | a separate seizure and/or search, the defendant does not seek to
28 | suppress any incriminating evidence resulting from these actions.

1  Certainly the firearm itself, which was properly found and secured,

2  would not be suppressed even if the defendant were to succeed on

3  his arguments in this regard. And as it is the firearm that

4  defendant seeks to suppress, there is no basis to grant the motion

5  to suppress in this case.

6      The defendant raises an additional number of objections, all

7  of which the court has considered and found to be either without

8  merit or unnecessary to address in light of its conclusion that

9  the motion to suppress would be denied as without merit.

10     In accordance with the foregoing, the defendant's motion to

11 suppress (ECF No. 294) is hereby DENIED.

12     IT IS SO ORDERED.

13     DATED: This 5th day of August, 2020.

15  Howard D M<sup>c</sup>Kibben

16  UNITED STATES DISTRICT JUDGE

4