UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00086-HDM-NJK |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY DELANO HYLTON, JR., | |
| Defendant. | |

The court has considered the report and recommendation of the United States Magistrate Judge (ECF No. 314) filed on April 22, 2020, in which the magistrate judge recommends that this court deny the defendant's motion to dismiss (ECF No. 293). The defendant has filed objections (ECF No. 327), and the government has responded (ECF No. 337).

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby

ADOPTS AND ACCEPTS the report and recommendation of the United States Magistrate Judge (ECF No. 314).

The court agrees, as the defendant has conceded in his reply, that Officer Hinkel's conduct does not amount to bad faith sufficient to support dismissal.

In his reply, the defendant asserts that the government suppressed the result of DNA tests of the firearm, and for the first time in his objections, he argues that this alleged suppression amounts to bad faith.  In connection with this claim,

the defendant filed a motion to compel production of DNA test results not previously disclosed in his case.

In support of his motion to compel, the defendant cited to evidence showing that the firearm was swabbed for DNA and that a swab of the unexpended cartridge from the October 2016 robbery was submitted for DNA comparison if a sufficient DNA profile was established. (*See* ECF No. 336-4 at 3; ECF No. 336-5 at 2-5). He also relied on the testimony of a detective at trial who stated that he had submitted swabs for testing of potential DNA but had not yet received any results. (ECF No. 344 at 7-8).

On June 23, 2020, the magistrate judge granted the defendant's motion and compelled the government to either turn over any undisclosed test results or, if the results were unavailable, provide a written explanation of its efforts to locate the results and of all surrounding circumstances.

In response to the order granting the motion to compel, the government stated that there are no completed or pending tests of the swabs from the firearm or the cartridge. Although the firearm was swabbed, the government never requested that the swab be tested.  And although a test was ordered of a swab of the cartridge case, the lab terminated the request the same day. The government further explains that the detective was simply mistaken in his trial testimony that any test results were pending.

On the basis of the government's representations, which the defendant has provided no cause to doubt, there is no basis in the record before the court to conclude that the government has failed to turn over the results of any tests conducted in this case.

1    Accordingly, no finding of bad faith may rest on this ground,
2    either.

3         As to whether the defendant has satisfied the standard for
4    any other spoliation sanction, including but not limited to an
5    adverse inference instruction, the court agrees with the
6    magistrate judge that any DNA evidence on the firearm before it
7    was handled by Officer Hinkel is both speculative as to its
8    existence and not particularly relevant to the remaining charge in
9    this case, which is felon in possession of a firearm -- at least
10   not where, as here, the defendant has admitted to ownership of the
11   firearm in question.[1] An adverse inference instruction is not
12   therefore warranted.

13        Accordingly, IT IS ORDERED that the defendant's motion to
14   dismiss or, in the alternative, for an adverse inference
15   instruction, (ECF No. 293) is DENIED.

16        IT IS FURTHER ORDERED that the defendant's motion to reserve
17   ruling until after resolution of his motion to compel (ECF No.
18   345) is DENIED AS MOOT. The motion to compel has been resolved.

19        IT IS SO ORDERED.

20        DATED: This 5th day of August, 2020.

21

22        _Howard D. M$^c$Kibben_

23        UNITED STATES DISTRICT JUDGE

24

25

26   [1] While the court has not ruled that the defendant's statements to the officers
27   at the scene of his arrest may be introduced, the defendant's statements during
     his interview on January 31, 2017, have been admitted. During that interview,
28   the defendant admitted to purchasing and owning the firearm. (ECF No. 319 (Tr.
     68-69)).